NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-279

STATE OF LOUISIANA

VERSUS

JASON ADAMS

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2008-2334
HONORABLE E. DAVID DESHOTELS, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Charles G. Fitzgerald, Judges.

REVERSED AND RENDERED.

**Jericha Remondet**
**Adrienne E. Aucoin**
**Post Office Box 66614**
**Baton Rouge, Louisiana  70896**
**(225) 925-6103**
**COUNSEL FOR APPELLANT:**
    **Department of Public Safety & Corrections,**
    **Office of State Police**

**Joe Green**
**District Attorney, Thirty-Third Judicial District**
**Post Office Box 839**
**Oberlin, Louisiana  70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Cynthia M. Amos**
**Attorney at Law**
**105 North Stewart Street**
**Post Office Box 995**
**DeRidder, Louisiana  70634**
**(318) 463-5532**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jason Adams**

**CONERY, Judge.**

The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (Department) filed this appeal seeking to reverse the trial court's March 4, 2021 order of expungement of arrest/conviction record, granting Jason Adams' motion to expunge five misdemeanor convictions for carnal knowledge of a juvenile pursuant to La.R.S. 14.80.1, based on failure to receive the required notice and the opportunity to file an opposition. For the following reasons, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

Mr. Adams was indicted by the grand jury on a felony charge of aggravated incest pursuant to La.R.S. 14:78.1. The State of Louisiana later filed an amended indictment billing Mr. Adams with five counts of misdemeanor carnal knowledge of a juvenile pursuant to La.R.S. 14.80.1. Mr. Adams entered a plea of guilty to all five counts and was sentenced to six months in the parish jail on each count to run consecutively. His sentence was suspended. He was placed on supervised probation for three years with special conditions.

On May 16, 2019, Mr. Adams filed a motion for interim expungement requesting that his felony arrest for aggravated incest pursuant to La.R.S. 14:78.1 be expunged. The Department filed a certificate of no opposition, as did the State of Louisiana through the Allen Parish District Attorney. However, on August 15, 2019, the Sheriff of Allen Parish filed an opposition to the motion. Accordingly, a hearing was held on October 8, 2019, wherein counsel for the State of Louisiana, through the District Attorney for Allen Parish, voiced no opposition to the interim motion of expungement of the initial arrest for the felony charge of aggravated Incest pursuant

to La.Code Crim.P. art. 985.1(A).[1]

Counsel for the State informed both the trial court and counsel for Mr. Adams, that if Mr. Adams planned to file a motion to expunge the five misdemeanor convictions for Carnal Knowledge of a Juvenile pursuant to La.R.S. 14.80.1, the State would oppose the motion and file an opposition.

Louisiana Code of Criminal Procedure Article 985.1(A) provides, "A person may file an interim motion to expunge a felony arrest from his criminal history when that original arrest results in a conviction for a misdemeanor. In such cases, only the original felony arrest may be expunged." Accordingly, Mr. Adams' Order for Expungement of Interim Arrest for aggravated incest pursuant to La.R.S. 14:78.1 was signed by the trial court on October 29, 2019.

On May 11, 2020, Mr. Adams filed a motion for expungement of arrest/conviction record seeking to expunge his misdemeanor convictions for the five counts of carnal knowledge of a juvenile pursuant to La.R.S. 14.80.1. Although the record reflects that Mr. Adams requested service on the Department, the Department asserts in its brief to this court that it was not served with the motion, and the record has no proof of service.

On March 4, 2021, the Order of Expungement of Arrest/Conviction Record was signed by the trial court and contained the following written reasons on the judgment, "More than five years elapsed since completion of misdemeanor sentence; [l]anguage of [La.R.S.] 14:80.1 provides legal authority to have conviction set aside and prosecution dismissed. Not a registerable sex offender."[2]

---

[1] No appearance was made at the hearing by counsel for the Sheriff of Allen Parish.

[2] Although the Order indicates a hearing was held and evidence adduced, there is no transcript or minute entry in the record that such a hearing took place.

The Department alleges that it received the trial court's March 4, 2021 Order of Expungement of Arrest/Conviction Record on March 10, 2021 and timely filed this appeal. By the Order granting the appeal, the trial court granted the Department's request to stay the March 4, 2021 Order of Expungement pending this appeal.[3]

## ASSIGNMENTS OF ERROR

1. The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, alleges as error the trial court's granting of Appellee's Motion for Expungement when Appellant was not served with the motion and given an opportunity to file a response as required by Articles 979(A) and 980(A).

2. The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, alleges as error the trial court's granting of Appellee's request for an expungement of the record of his convictions for five (5) counts of Misdemeanor Carnal Knowledge of a Juvenile (La.R.S. 14:80.1).

## LAW AND DISCUSSION

*Standard of Review*

An appellate court may not set aside a trial court's finding of fact absent manifest error or unless it is clearly wrong. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). However, the supreme court has explained that when the trial court makes an error of law,

> the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. A legal error occurs here when a trial

---

[3] The District Attorney of Allen Parish, who represented the State at the original expungement hearing on October 8, 2019, does not contest the brief of the Department and stated in his brief, "Based upon the arguments contained herein, the State does not contest the arguments made in brief by appellant, Department of Public Safety and Corrections."

court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.

*Evans v. Lungrin*, 97-541, pp. 6-7 (La. 2/6/98), 708 So.2d 731, 735 (citations omitted).

In this case, we find an error of law in the application of La.R.S. 14:80.1(E) by the trial court and review using the *de novo* review standard.

### Assignment of Error One – Failure to Serve

The Department first asserts a failure of service of the motion for expungement/conviction. Mr. Adams in turn asserts that service *was requested* on the "Allen Parish District Attorney" and the "Louisiana Bureau of Criminal Identification and Information." The record is simply silent on this issue. Notwithstanding the deficiency in the record, the Department's second assignment of error is determinative in this case.

### Assignment of Error Two – The Trial Court's Application of La.R.S. 14:80.1(E)

The Department and the Allen Parish District Attorney, claims that Mr. Adams is not entitled to the expungement of his five misdemeanor convictions.

The analysis of the applicable law begins with La.Code Crim.P art. 977(C)(1), which provides:

> C. No person shall be entitled to expungement of a record under any of the following circumstances:
>
> (1) The misdemeanor conviction arose from circumstances involving or is the result of an arrest for a sex offense as defined in R.S. 15:541, except that an interim expungement shall be available as authorized by the provisions of Article 985.1 of this Code.

Louisiana Code of Criminal Procedure Article 985.1(A) provides, "A person may file an interim motion to expunge a felony arrest from his criminal history when that original arrest results in a conviction for a misdemeanor. In such cases, only the original felony arrest may be expunged." As previously stated, Mr. Adams

4

received an interim expungement for his felony arrest for one count of aggravated incest pursuant to La.R.S. 14:78.1, as allowed by La.Code Crim.P. arts. 977(C)(1) and 985.1(A) after a hearing and Order signed by the trial court on October 29, 2019.

Counsel for Mr. Adams now asserts that, "Defendant's original felony arrest was for aggravated incest, La.R.S. 14:78.1, which offense is not defined and enumerated in R.S. 15:541 and therefor[e], the Trial Court correctly signed the Order of Expungement on behalf of the Defendant/Appellant **JASON ADAMS**" on the five misdemeanor convictions at issue in this appeal. We disagree.

The legislature repealed La.R.S. 14:78.1, aggravated incest, by 2014 La. Acts No. 602, §7, effective June 12, 2014. However, the Act further amended La.R.S. 14.89.1 providing for the offense of aggravated crime against nature. *See* 2014 La. Acts No. 602, § 4. At that time, the legislature directed "The Louisiana State Law Institute … to change all references in Louisiana law from 'incest' to 'crime against nature' and from 'aggravated incest' to 'aggravated crime against nature' to reflect the changes made in this Act." *See* 2014 La. Acts No. 602, § 8.

Further reference to La.R.S. 14:89.1(E) (emphasis added) (footnote omitted) indicates that:

> The provisions of Act No. 177 of the 2014 Regular Session and the provisions of the Act that originated as Senate Bill No. 333 of the 2014 Regular Session [2014 La. Acts No. 602] incorporate the elements of the crimes of incest (R.S. 14:78) and aggravated incest (R.S. 14:78.1), as they existed prior to their repeal by these Acts, into the provisions of the crimes of crime against nature (R.S. 14:89) and aggravated crime against nature (R.S. 14:89.1), respectively. For purposes of the provisions amended by Act No. 177 of the 2014 Regular Session and the Act that originated as Senate Bill No. 333 of the 2014 Regular Session, a conviction for a violation of R.S. 14:89(A)(2) shall be the same as a conviction for the crime of incest (R.S. 14:78) and a conviction for a violation of R.S. 14:89.1(A)(2) shall be the same as a conviction for the crime of aggravated incest (R.S. 14:78.1). **Neither Act shall be construed to alleviate any person convicted or adjudicated delinquent of incest (R.S. 14:78)**

**or aggravated incest (R.S. 14:78.1) from any requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication including but not limited to any requirements regarding sex offender registration and notification, parental rights, probation, parole, sentencing, or any other requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication.**

As seen above, La.Code Crim.P. art. 977(C)(1) prohibits the expungement of a record when the subject misdemeanor conviction "arose from circumstances involving or is the result of an arrest for a sex offense as defined in R.S. 15:541." Pursuant to La.R.S. 15:541(24)(a), "[s]ex offense" includes the offense of aggravated crime against nature (La. R.S. 14:89.1), formerly titled aggravated incest under La.R.S. 14:78.1

Based on the provisions of La.Code Crim.P. art. 977(C)(1), Mr. Adams is not entitled to expungement of the five misdemeanor convictions of carnal knowledge of a juvenile pursuant to La.R.S. 14:80.1(E). We therefore reverse the trial court's March 4, 2021 Order of Expungement in its entirety.

## CONCLUSION

For the reasons assigned, we reverse the trial court's March 4, 2021 Order of Expungement of Arrest/Conviction Record granting Jason Adams expungement of his five misdemeanor convictions for carnal knowledge of a juvenile pursuant to La.R.S. 14:80.1(E). We hereby deny the expungement pursuant to La.Code Crim.P. art. 977(C)(1). Costs of this appeal are assessed to Appellee Jason Adams.

**REVERSED AND RENDERED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

6